**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| BLOMQUIST BUILDERS GROUP INC. | : | CASE NO. 23-59198-WLH |
| Debtor. | : | |

_____

### JOINDER AND BRIEF IN SUPPORT OF DEBTOR'S MOTION TO DISMISS

COMES NOW, Blake Blomquist, by and through his legal counsel, and files this Brief in Support of Motion to Dismiss and joins Debtor's Motion to Voluntarily Dismiss as follows:

*Background (See attached Affidavit of Blake Blomquist)*

1. In late 2017, Blake Blomquist's wife, Jennifer Blomquist approached him with an opportunity for her business, Blomquist Builders Group, LLC ("BBG"), to build homes on certain lots in Cobb County for resale.

2. Mr. Blomquist agreed to fund the purchase of the lots.

3. On January 10, 2018, Blake Blomquist wired funds in the amount of $2,763,836 to his closing attorney for the express purpose of acquiring certain real property lots in Cobb County Georgia.  (See Exhibit 1)

4. On January 19, 2018, Blake Blomquist wired funds in the amount of $1,031,432.42 to his closing attorney for the express purpose of acquiring certain real property lots in Cobb County Georgia.  (See Exhibit 1)

5. The lots were intended to be titled in Mr. Blomquist's name or the name of his business, Blomquist Holdings, LLC.

6.  Blomquist Builders Group, LLC was to build homes on these lots and sell them to

    third parties.  Title would not be passed to BBG until the closing of the sale to the

    third party.

7.  BBG signed promissory notes that were intended to reflect this understanding

    (See Exhibits 2 and 3).

8.  Due to a clerical error, the lots were titled in the name of BBG.

9.  This error was not discovered for approximately one year.

10. Upon discovery of the error, the lots were transferred to Blake Blomquist's

    company, Blomquist Holdings, LLC.  (See Exhibits 4 and 5).

11. These lots were subsequently transferred to Blake Blomquist (See Exhibits 6 and

    7).

12. Due to an additional error, three lots (the "Omitted Lots") were omitted from

    the transfer[1]:

    a.  111 Catesby Road, Powder Springs, GA (Lot 27 in Somerset Oaks)
    b.  5035 Pindos Trail, Powder Springs, GA (Lot 6 in Estates @ Cornerstone)[2]
    c.  5749 Sunburst Drive, Powder Springs, GA (Lot 66 in Somerset Oaks)

13. Blake Blomquist's interest in the Omitted Lots is superior to that of the

    Bankruptcy Estate.

---

[1] Debtor's amended schedules indicate that it owns for 216 Pindos Place, Powder Springs, GA (Lot 47 in Estates @
Cornerstone).  However, this property appears to have been included in the "corrective deed" filed on January 7,
2019, in the Cobb County records (Book 15598 Page 78) (See Exhibit 8).

[2] Also known as "Summit at Lost Mountain"

*Purchase Money Resulting Trust*

14. Blake Blomquist has an equitable interest in the Omitted Lots which are alleged to be property of the bankruptcy estate.[3] His interest is superior to the interest of the bankruptcy estate.

15. Pursuant to O.C.G.A. § 53-12-131:

   a. A purchase money resulting trust is a resulting trust implied for the benefit of the person paying consideration for the transfer to another person of legal title to real or personal property.

   b. Except as provided in subsection (c) of this Code section, the payment of consideration as provided in subsection (a) of this Code section shall create a presumption in favor of a resulting trust, but such presumption shall be rebuttable by a preponderance of the evidence.

   c. If the payor of consideration and transferee of the property as provided in subsection (a) of this Code section are husband and wife, parent and child, or siblings, a gift shall be presumed, but such presumption shall be rebuttable by clear and convincing evidence.

16. Debtor is listed as the legal title owner on the real estate records of three parcels of real property that are subject to a purchase money resulting trust for the benefit of Blake Blomquist.

17. The parties always intended that the Omitted Lots would be owned by Blake Blomquist (or his company Blomquist Holdings, LLC) and transferred to Debtor at the time of closing of a sale to a third party.

---

[3] To the extent 216 Pindos Place, Powder Springs, GA (Lot 47 in Estates @ Cornerstone) was not properly transferred to Blake Blomquist or his company, Blomquist Holdings, LLC, he claims this lot as part of the Omitted Lots.

18. Blake Blomquist provided one hundred percent of the purchase money for all of the lots in the form of two wire transfers on January 10, 2018 ($2,763,836.00) and January 19, 2018 ($1,031,432.42).

19. Legal title to the Omitted Lots was placed in the name of Debtor only as the result of a clerical error.

20. Blake Blomquist is presumed to benefit from a resulting trust which would be superior to the bankruptcy estate's interest.  (See O.C.G.A. § 53-12-131).

21. 11 USC 541(d) states:  Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

22. More succinctly stated: "Property in which the debtor holds, as of the commencement of the case, *only legal title and not an equitable interest…* becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, *but not to the extent of any equitable interest in such property that the debtor does not hold."  See In re MacBarnette,* 173 B.R. 248 (NDGA 1994)(*emphasis supplied).*

23. The Barnette court further stated that, *"Relying on this provision, courts have held, under varying factual situations, that property held in trust for the benefit of a third party does not become part of the estate in bankruptcy. See, e.g.,* T&B Scottdale Contractors Inc. v. United States, 866 F.2d 1372, 1376 (11th Cir. 1989) (funds deposited into bank account by contractor in name of subcontractor did not become part of subcontractor's bankruptcy estate); [**6] Real Estate West, 170 Bankr. at 743-44 (security deposits held in trust for tenants under Georgia

law did not become part of landlord's estate in bankruptcy); *see also* United States v. Whiting Pools Inc., 462 U.S. 198, 205 n.10, 76 L. Ed. 2d 515, 103 S. Ct. 2309 (1983); SouthTrust Bank of Alabama v. Thomas (In re Thomas), 883 F.2d 991, 995 (11th Cir. 1989).

24. As a result, Blake Blomquist's interest in the Omitted Lots is superior to that of the Bankruptcy Estate.

*Cause Exists to Dismiss Under 11 U.S.C. § 707(a).*

25. The Court may dismiss a case under Chapter 7 for cause (11 USC 707(a)).

26. "Cause" is not defined in the Bankruptcy Code. However, the three reasons listed in section 707(a) are considered illustrative, not exhaustive, See *In re* Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 380 (1977), *reprinted in* App. Pt. 4(d)(i) *infra*; S. Rep. No. 95-989, 95th Cong., 2d Sess. 94 (1978), *reprinted in* App. Pt. 4(e)(i) *infra*.

27. If judicial economy would be furthered with no substantial detriment to the debtor or creditors, the chapter 7 case may be dismissed.  (*See In re* Lots by Murphy, Inc., 430 B.R. 431 (Bankr. S.D. Tex. 2010) (no purpose would be served by chapter 7 case where debtor was not eligible for discharge and there were no assets to distribute); *In re* Bilzerian, 258 B.R. 850 (Bankr. M.D. Fla. 2001), *aff'd*, 276 B.R. 285 (M.D. Fla. 2002) (cause existed to dismiss chapter 7 case when virtually all of the debtor's debts were nondischargeable, there were no assets to liquidate, and state court receivership proceedings had already been in progress); *In re* Schwartz, 14 C.B.C.2d 586, 58 B.R. 923 (Bankr. S.D.N.Y. 1986) (dismissing chapter 7 case at the debtor's request after main claims against the debtor were found to be nondischargeable; noting that separate litigation regarding the debtor's malpractice claim against a law firm, the firm's claim for fees, and a claimed fraudulent conveyance claim could be heard in one state

forum); *In re* Nina Merchandise Corp., 2 C.B.C.2d 1098, 5 B.R. 743 (Bankr.

S.D.N.Y. 1980) (denying dismissal of involuntary petition requested by party

allegedly acting on the debtor's behalf and claiming the intent and the ability to

repay the debtor's debts); *In re* Way, 1 C.B.C.2d 423, 2 B.R. 372 (Bankr. N.D. Ohio

1980) (denying trustee's motion to dismiss based on a *pro se* debtor's failure to

draft wholly correct papers when the information provided was sufficient to give

creditors notice and to permit the case to be administered)).

28. With no meaningful property to liquidate and distribute, there is no bankruptcy

purpose to this Case. Creditors cannot benefit from the liquidation of Debtor's

real property because Debtor's estate has a subordinate interest in that property

to Blake Blomquist. There is no other meaningful property to liquidate and, as

such, no real distribution to creditors is possible. This Case cannot serve a

bankruptcy purpose.

Section 303 - Abstention

29. A bankruptcy case should not interfere with a state court lawsuit when doing so

would serve no bankruptcy purpose. This is because, "the Bankruptcy Code does

not contemplate interference with the rights of creditors when it would serve no

bankruptcy purpose." *Textile Mgmt. Assocs., Inc. v. FieldTurf USA, Inc. (In re

Astroturf)*, 2017 Bankr. LEXIS 2515, *45 (Bankr. N.D. Ga. Sept. 5, 2017).

30. Section 305(a)(1) permits the dismissal of a case for purposes of abstention at

any time if dismissal would be in the best interests of a debtor and its creditors.

11 U.S.C. § 305(a)(1). As such, "[t]he absence of a true bankruptcy purpose (e.g.,

debt adjustment, breathing spell from creditors, and need for discharge and

fresh start) is a significant factor in favor of granting section 305(a)(1) relief." 2

Collier on Bankruptcy P 305.02 (16th 2023).

31. Where a bankruptcy case is "essentially a two-party dispute" courts have found that the bankruptcy does not serve a bankruptcy purpose. *In re Posner*, 610 B.R. 586, 592 (Bankr. N.D. Ill. 2019). "Courts have generally ruled in favor of abstention when the parties have access to a state court forum and the possible advantage of that forum over a bankruptcy court. Bankruptcy courts should abstain when that forum has a particular expertise which is relevant to the matters in dispute." *In re Efron*, 535 B.R. 505, 511 (Bankr. D.P.R. 2014).

32. This Case is essentially a two-party dispute, regarding purely state law claims and serves no legitimate bankruptcy purpose. Debtor has no non-insider creditors outside the disputed claims of the Defamation Defendants and is not seeking to reorganize.

33. The Superior Court is well positioned to resolve the Defamation Lawsuit, including the Counterclaims. The Defamation Lawsuit has been pending before the Superior Court for nearly six years and the facts underlying that Defamation Lawsuit and Counterclaims arise from the very same Dispute. The Superior Court has a high degree of expertise in the essential facts governing the Defamation Lawsuit, which are state law claims.

34. Keeping this Case open would only serve to further expand this two-party dispute to another forum and incur administrative bankruptcy expenses in an estate that very well may not have any non-insider creditors, and which may not possess any assets to pay said administrative expenses.

35. There are few if any assets of the Debtor that a bankruptcy could liquidate for the benefit of creditors.

36. Moreover, pursuant to 11 U.S.C. § 727(a)(1), Debtor will not receive a discharge in this Case.

37. Because this bankruptcy is essentially a two-party dispute without a bankruptcy purpose, this Court should abstain by dismissing this Case so as to permit the

Superior Court to adjudicate the Defamation Lawsuit, including the discovery

deadlines already established in the same.

WHEREFORE, Blake Blomquist prays this motion be granted.

This 9th day of February 2024

Respectfully submitted,

/s/ IAN M. FALCONE
Ian M. Falcone
GA Bar No.:  254470
Attorney for Blake Blomquist

THE FALCONE LAW FIRM, PC
363 Lawrence Street
Marietta, GA  30060
770-426-9359
imf@falconefirm.com



P.O. Box 725189
Atlanta, GA 31139
Phone: 770-437-0004
Fax: 770-951-1155
Telebanc (404) 461-2991
www.viningsbank.com

001793
1

ACCOUNT:          ░505   PAGE:    1
DOCUMENTS:          1    01/31/2018



```
            BLOMQUIST HOLDINGS LLC
            BLAKE E BLOMQUIST
            BLOMQUIST HOLDINGS MMA                          30
            2000 MARIETTA BLVD NW                            0
            ATLANTA GA  30318                                1
```

```
=================================================================
            COMMERCIAL MONEY MARKET ACCOUNT 3503505
=================================================================

AVERAGE BALANCE        4,679,943.17  LAST STATEMENT 12/29/17   7,286,780.62
                                     1 CREDITS                     1,692.83
                                     5 DEBITS                  4,332,213.97
                                THIS STATEMENT 01/31/18       2,956,259.48

        - - - - - - - OTHER CREDITS - - - - - - - - -
DESCRIPTION                                       DATE        AMOUNT
INTEREST                                          01/31     1,692.83

        - - - - - - - - - CHECKS - - - - - - - - - -
  CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT  CHECK #..DATE......AMOUNT
        01/10  536,905.55

        - - - - - - - - - OTHER DEBITS - - - - - - - -
DESCRIPTION                                       DATE        AMOUNT
DOMESTIC WIRE OUT FEE                             01/10        20.00
DOMESTIC WIRE OUT: BAGGARLY & ASSOCIATES          01/10   2,763,836.00
OUTGOING DOMESTIC WIRE FEE LWP                    01/19        20.00
OUTGOING WIRE TO SPARKS KING WATTS & REDDICK LWP  01/19   1,031,432.42

        - - - - - - - - - - I N T E R E S T - - - - - - - - - -

AVERAGE LEDGER BALANCE:     4,679,943.17  INTEREST EARNED:            1,692.83
AVERAGE AVAILABLE BALANCE:  4,679,943.17  DAYS IN PERIOD:                  33
INTEREST PAID THIS PERIOD:      1,692.83  ANNUAL PERCENTAGE YIELD EARNED:  .40%
INTEREST PAID 2018:             1,692.83
INTEREST PAID 2017:               669.52
                * * * C O N T I N U E D * * *
```





EXHIBIT 1

# *LOAN AGREEMENT*

$2,750,000.00                              Date: January 11, 2018

For value received, the undersigned Blomquist Builders Group (the "Borrower"), at 3478 Rabbit Run NW, Acworth, Georgia 30101, promises to pay to the order of Blake Blomquist (the "Lender"), at 3478 Rabbit Run NW, Acworth, Georgia 30101 (or at such other place as the Lender may designate in writing), the sum of $2,750,000.00 with no interest.

## I. TERMS OF REPAYMENT

### A. Payments
All parties agree to the following lot repayment schedule: Borrower to pay Lender a sum of $110,000.00 per lot sold, within 10 days of closing each of the "transferable lots" (any lot or parcel with an assigned lot number, contained herein). The unpaid principal and accrued interest shall be payable in full on any future date on which the Lender demands repayment (the "Due Date").

## II. SECURITY

This Note shall be secured by a Mortgage Deed to real property commonly known as:
ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 340 of the 20th District, 2nd Section of Cobb County, Georgia being Lots 1, 2, 6, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27, 34, 36, 37, 38, 42, 43, 44, 47, 53, 66 and the lot designated as the "Recreation Area" (.87 Acres) in Somerset Oaks at Lost Mountain, and Detention Ponds A, B, and C, all according to Plat recorded in Plat Book 275, page 473 Cobb County Georgia records, which recorded plat is incorporated herein and made a part hereof by reference.
The Lender is not required to rely on the above security instrument and the assets secured therein for the payment of this Note in the case of default, but may proceed directly against the Borrower.

## III. PREPAYMENT

The Borrower reserves the right to prepay this Note (in whole or in part) prior to the Due Date with no prepayment penalty.

## IV. COLLECTION COSTS

If any payment obligation under this Note is not paid when due, the Borrower promises to pay all costs of collection, including reasonable attorney fees, whether or not a lawsuit is commenced as part of the collection process.

## V. DEFAULT

If any of the following events of default occur, this Note and any other obligations of the Borrower to the Lender, shall become due immediately, without demand or notice:

  1) the failure of the Borrower to pay the principal and any accrued interest when due;

**EXHIBIT 2**

2) the liquidation, dissolution, incompetency or death of the Borrower;

3) the filing of bankruptcy proceedings involving the Borrower as a debtor;

4) the application for the appointment of a receiver for the Borrower;

5) the making of a general assignment for the benefit of the Borrower's creditors;

6) the insolvency of the Borrower;

7) a misrepresentation by the Borrower to the Lender for the purpose of obtaining or extending credit; or

8) the sale of a material portion of the business or assets of the Borrower.

In addition, the Borrower shall be in default if there is a sale, transfer, assignment, or any other disposition of any real estate pledged as collateral for the payment of this Note, or if there is a default in any security agreement which secures this Note.

## VI. SEVERABILITY OF PROVISIONS

If any one or more of the provisions of this Note are determined to be unenforceable, in whole or in part, for any reason, the remaining provisions shall remain fully operative.

## VII. MISCELLANEOUS

All payments of principal and interest on this Note shall be paid in the legal currency of the United States. The Borrower waives presentment for payment, protest, and notice of protest and demand of this Note.

No delay in enforcing any right of the Lender under this Note, or assignment by Lender of this Note, or failure to accelerate the debt evidenced hereby by reason of default in the payment of a monthly installment or the acceptance of a past-due installment shall be construed as a waiver of the right of Lender to thereafter insist upon strict compliance with the terms of this Note without notice being given to Borrower. All rights of the Lender under this Note are cumulative and may be exercised concurrently or consecutively at the Lender's option.

This note may not be amended without the written approval of the holder.

## VIII. GOVERNING LAW

This Note shall be construed in accordance with the laws of the State of Georgia.

## IX. SIGNATURES

This Note shall be signed by Jennifer Blomquist, on behalf of Blomquist Builders Group and Blake Blomquist.

**[SIGNATURE PAGE FOLLOWS]**

**IN WITNESS WHEREOF,** this Agreement has been executed and delivered in the manner prescribed by law as of the date first written above.

Signed this 11th day of January, 2018 at Acworth, GA.

Borrower:
Blomquist Builders Group

By: _Jennifer Blomquist_            Date: 1/11/2018

Jennifer Blomquist

Lender:
Blake Blomquist

By: _____            Date: 11-11-18

Blake Blomquist

**DO NOT DESTROY THIS NOTE**

WHEN PAID this original Note together with the Mortgage Deed securing the same, must be surrendered to the Borrower for cancellation and retention before any reconveyance can be processed.



Promissory Note

Borrower:   Blomquist Builders Group Inc. of 3478 Rabbit Run Acworth Ga. 30101 ( the "Borrower")
Lender:     Blake Blomquist of 3478 Rabbit Run Acworth Ga. 30101  ( the "Lender")

Principal Amount: $1,057,730.50 USD (including upfront closing costs)

1. For value received, The Borrower promises to pay the Lender at such address as may be provided to borrower, the principal sum of $1,057,730.50 USD, without interest payable on the unpaid principal

2. This note is repayable as each lot is sold and or built on by Blomquist Builders Group. At that time once lot is purchased from Blake Blomquist for the amount of $100,000 the lot ownership will transfer to Blomquist Builders Group. The last and final lot that is purchased price will adjust to pay the loan in full.

3. This note is secured by the following security (the "Security"): All tract or parcel of land lying and being in land lot 338 of the 20th district, 2nd section of Cobb County, Georgia being lots 2,3,5,41,26-29,31,34-40,41,42-49 as shown on the final plat for The Summit at Lost Mountain, Unit 1, dated August 11, 2015, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 524-526, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All tract or parcel of land lying and being in land lot 338 of the 20th district, Cobb County, Georgia being designated as Lot 9 as shown on the final plat for The Summit at Lost Mountain, Unit 2, dated March 11, 2016, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 592-593, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

4. The Borrower grants to the Lender a security interest in the Security until this Note is paid in full. The lender will be listed as a lender on the title of the security weather or not the lender elects to perfect the security interest in the Security. Each lot will be released by Lender as the payment for that lot is paid in full.

5. If Borrower defaults in paying for the lot within 60 days of lot being sold/built Lender can withdraw the option for the other lots to be purchased.

6. If any term, covenant, condition or provision of this note is held by a court of competent jurisdiction to be invalid, void or unenforceable, it is the parties intent that such provision be reduced in scope by the court only to the extent deemed necessary by the court to render the provision reasonable and enforceable and the remainder of the provisions of this note will in no way be affected, impaired or invalidated as a result.

7. This Note will be constructed in accordance with and governed by the laws of the State of Georgia.

8. This note may not be amended without written notice of the holder

9. This Note shall be signed by Jennifer Blomquist on behalf of Blomquist Builders Group Inc. "Borrower" and Blake Blomquist "Lender"

**EXHIBIT 3**

Promissory Note

**IN WITNESS WHEREOF,** this amendment has been executed and delivered in the manner prescribed by law as of the date first written

Signed this 17th day of January , 2018

Borrower:
**Blomquist Builders Group**

By: _____ . Date: 1/17/2018
   Jennifer Blomquist

Lender:
**Blake Blomquist**

By: _____ , Date: 1-17-208
   Blake Blomquist

Judge B. Blair



FOR WD SEE
DE Book 15675 Page 3835
DE Book 15675 Page 3859

Deed Book 15598 Pg   75
Filed and Recorded Jan-07-2019 11:28am
2019-0001837
Real Estate Transfer Tax $0.00
0332019000294

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

**Record and Return to:**
Sparks|King|Watts|Reddick, LLC
3475 Dallas Highway, Bldg. 300, Ste. 320
Marietta, GA 30064
Deed Prep only

### LIMITED WARRANTY DEED

STATE OF GEORGIA
COUNTY OF COBB

THIS INDENTURE, made this 3rd day of December, 2018, between

**Blomquist Builder's Group, Inc.**

as party or parties of the first part, hereinafter called Grantor, and

**Blomquist Holdings, LLC**

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH: That Grantor, for and in consideration of the sum of TEN AND 00/100's DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property, to wit:

**SEE ATTACHED EXHIBIT "A"**

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described Property unto the said Grantee against the lawful claims and demands of all persons claiming by, through or under the above named Grantor, but against none other.

**EXHIBIT 4**

Deed Book 15598 Pg    76

IN WITNESS WHEREOF, Grantor has hereunto set Grantor's hand and seal this day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires: _____

[Notary Seal]

**GRANTOR:**
**BLOMQUIST BUILDER'S GROUP, INC.**

_____
Jennifer Blomquist
Its: President and Secretary

GA_Deed_LimitedWarranty

Deed Book 15598 Ps    77
Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 340 of the 20th District, 2nd Section, Cobb County, Georgia, being Lots 1, 2, 6, 14, 17, 18, 19, 20, 21, 23, 36, 37, 38, 42, 43, 44 & 46 of Somerset Oaks at Lost Mountain, as per plat recorded in Plat Book 275, page 473, Cobb County, Georgia, Records, which plat is incorporated herein by this reference and made a part hereof.

FOR WD SEE
DE Book 15675 Page 3835
DE Book 15675 Page 3862

Deed Book 15598 Pg    78
Filed and Recorded Jan-07-2019 11:28am
2019-0001838
Real Estate Transfer Tax $0.00
03320190000295

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

**Record and Return to:**
Sparks|King|Watts|Reddick, LLC
3475 Dallas Highway, Bldg. 300, Ste. 320
Marietta, GA 30064
Deed Prep only

### LIMITED WARRANTY DEED

STATE OF GEORGIA
COUNTY OF COBB

THIS INDENTURE, made this 3rd day of December, 2018, between

### Blomquist Builder's Group, Inc.

as party or parties of the first part, hereinafter called Grantor, and

### Blomquist Holdings, LLC

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH: That Grantor, for and in consideration of the sum of TEN AND 00/100's DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property, to wit:

**SEE ATTACHED EXHIBIT "A"**

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described Property unto the said Grantee against the lawful claims and demands of all persons claiming by, through or under the above named Grantor, but against none other.

**EXHIBIT 5**

Deed Book 15598 Pg    79

IN WITNESS WHEREOF, Grantor has hereunto set Grantor's hand and seal this day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires: _____

[Notary Seal]

**GRANTOR:**
**BLOMQUIST BUILDER'S GROUP, INC.**

_____
Jennifer Blomquist
Its: President and Secretary

GA_Deed_LimitedWarranty

## EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 9 of the 19th District and Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 2, 3, 5 and 41 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated March 8, 2005, prepared by Krewson Vickrey Engineers & Land Surveyors, containing the seal of Edward G. Vickrey, Georgia Registered Land Surveyor No. 2563, recorded in Plat Book 238, Pages 39-40, Cobb County, Georgia land records, as revised and re-recorded in Plat Book 266, Pages 39-40, aforesaid county land records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 26, 27, 28, 29, 31, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48 and 49 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated August 11, 2015, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 524-526, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lot 9 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit 2, dated March 11, 2016, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 592-593, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

GA_Deed_LimitedWarranty

GA-WSC180015PUR

**After Recording Return To:**
McMichael & Gray, P.C.
3475 Dallas Highway, Bldg. 300, Ste. 320
Marietta, GA 30064

**Order No.:** WSC-190188-REF

Cross Reference:
Deed Book 15598, page 78

Deed Book 15675 Page 3862
Filed and Recorded 10/16/2019 9:12:00 AM
2019-0121148
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 7339863107
7067927936

### LIMITED WARRANTY DEED

**STATE OF GEORGIA**

**COUNTY OF COBB**

THIS INDENTURE, made this 10th day of October, 2019, between

### Blomquist Holdings, LLC, a Georgia limited liability company

of the County of Forsyth, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

### Blake Blomquist

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**WITNESSETH** that: Grantor, for and in consideration of the sum of Ten And No/100 Dollars ($10.00) and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

**SEE ATTACHED EXHIBIT "A", attached hereto and made a part hereof by reference.**

SUBJECT to all zoning ordinances, easements and restrictions of record affecting said premises.

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE.**

**EXHIBIT 6**

Deed Book 15675 Page 3863

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons owning, holding or claiming by, through or under the said Grantor.

**IN WITNESS WHEREOF**, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

Blomquist Holdings, LLC, a Georgia limited liability company

By: _____ (SEAL)
Eugene E Pearson, Jr.
Manager

_____
Notary Public

My Commission Expires:

OFFICIAL SEAL
JENNIFER LEIGH CLEVELAND
Notary Public, Georgia
DAWSON COUNTY
My Commission Expires
NOVEMBER 7, 20__

Deed Book 15675 Page 3864
Rebecca Keaton
Clerk of Superior Court

## EXHIBIT A

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 26, 27, 28, 29, 29, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 48 and 49, as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated August 11, 2015, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 524-526, Cobb County, Georgia Land Records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 2, 3, 5 and 41, as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated March 8, 2005, prepared by Krewson Vickrey Engineers and Land Surveyors, containing the seal of Edward G. Vickrey, Georgia Registered Land Surveyor No. 2563, recorded in Plat Book 238, Pages 39-40, Cobb County, Georgia Land Records, as last revised and re-recorded in Plat Book 266, pages 39-40 reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lot 9, as shown on that certain Final Plat for The Summit at Lost Mountain, Unit 2, dated March 11, 2016, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 592-593, Cobb County, Georgia Land Records, reference to said plat and the record thereof being hereby made for a more complete description.

After Recording Return To:
McMichael & Gray, P.C.
3475 Dallas Highway, Bldg. 300, Ste. 320
Marietta, GA 30064

Order No.: WSC-190188-REF

Cross Reference:
Deed Book 15598, page 75

Deed Book 15675 Page 3859
Filed and Recorded 10/16/2019 9:12:00 AM
2019-0121147
Rebecca Keaton
Clerk of Superior Court
Cobb County, GA
Participant IDs: 7339863107
7067927936

## LIMITED WARRANTY DEED

**STATE OF GEORGIA**

**COUNTY OF COBB**

THIS INDENTURE, made this 10th day of October, 2019, between

### Blomquist Holdings, LLC, a Georgia limited liability company

of the County of Forsyth, State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

### Blake Blomquist

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

**WITNESSETH** that:  Grantor, for and in consideration of the sum of Ten And No/100 Dollars ($10.00) and other good and valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee,

**SEE ATTACHED EXHIBIT "A", attached hereto and made a part hereof by reference.**

SUBJECT to all zoning ordinances, easements and restrictions of record affecting said premises.

**TO HAVE AND TO HOLD** the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, to the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee forever in **FEE SIMPLE.**

**EXHIBIT 7**

Deed Book 15675 Page 3860

**AND THE SAID** Grantor will warrant and forever defend the right and title to the above described property unto the said Grantee against the claims of all persons owning, holding or claiming by, through or under the said Grantor.

**IN WITNESS WHEREOF**, the Grantor has signed and sealed this deed, the day and year above written.

Signed, sealed and delivered in the presence of:

_____
Unofficial Witness

_____
Notary Public

My Commission Expires:

OFFICIAL SEAL
JENNIFER LEIGH CLEVELAND
Notary Public, Georgia
DAWSON COUNTY
My Commission Expires
NOVEMBER 7, 20__

Blomquist Holdings, LLC, a Georgia limited liability company

By: _____ (SEAL)
Eugene E Pearson, Jr.
Manager

Deed Book 15675 Page 3861
Rebecca Keaton
Clerk of Superior Court

Exhibit "A:

All that tract or parcel of land lying and being in Land Lot 340 of the 20th District, 2nd Section of
Cobb County, Georgia and being Lots 1, 2, 6, 14, 18, 19, 20, 21, 23, 36, 37, 38, 42, 43, 44 and
46 of Somerset Oaks at Lost Mountain Subdivision, as per plat of survey recorded in Plat Book
275, page 473 as recorded in the Office of the Clerk of Superior Court of Cobb County, Georgia
which recorded plat is incorporated herein and made a part hereof by reference.

FOR WD SEE
DE Book 15675 Page 3835
DE Book 15675 Page 3862

Deed Book 15598 Pg    78
Filed and Recorded Jan-07-2019 11:28am
2019-0001838
Real Estate Transfer Tax $0.00
0332019000295

*Rebecca Keaton*

Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

**Record and Return to:**
Sparks|King|Watts|Reddick, LLC
3475 Dallas Highway, Bldg. 300, Ste. 320
Marietta, GA 30064
Deed Prep only

## LIMITED WARRANTY DEED

STATE OF GEORGIA
COUNTY OF COBB

THIS INDENTURE, made this 3rd day of December, 2018, between

### Blomquist Builder's Group, Inc.

as party or parties of the first part, hereinafter called Grantor, and

### Blomquist Holdings, LLC

as party or parties of the second part, hereinafter called Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH: That Grantor, for and in consideration of the sum of TEN AND 00/100's DOLLARS ($10.00) and other good and valuable consideration in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, aliened, conveyed and confirmed, and by these presents does grant, bargain, sell, alien, convey and confirm unto the said Grantee, the following described property, to wit:

**SEE ATTACHED EXHIBIT "A"**

Subject to all easements and restrictions of record.

TO HAVE AND TO HOLD the said tract or parcel of land, with all and singular the rights, members and appurtenances thereof, the same being, belonging, or in anywise appertaining, to the only proper use, benefit and behoof of the said Grantee, forever in FEE SIMPLE.

AND THE SAID Grantor will warrant and forever defend the right and title to the above described Property unto the said Grantee against the lawful claims and demands of all persons claiming by, through or under the above named Grantor, but against none other.

**EXHIBIT 8**

Deed Book 15598 Pg    79

IN WITNESS WHEREOF, Grantor has hereunto set Grantor's hand and seal this day and year first above written.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public
My Commission Expires: _____

[Notary Seal]

**GRANTOR:**
**BLOMQUIST BUILDER'S GROUP, INC.**

_____
Jennifer Blomquist
Its: President and Secretary

LYNNE W. SPARKS
MY Commission EXPIRES
NOTARY PUBLIC
12-02-2019
COBB COUNTY, GEORGIA

GA_Deed_LimitedWarranty

Deed Book 15598 Ps    80
Rebecca Keaton
Clerk of Superior Court Cobb Cty. Ga.

## EXHIBIT "A"

All that tract or parcel of land lying and being in Land Lot 9 of the 19th District and Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 2, 3, 5 and 41 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated March 8, 2005, prepared by Krewson Vickrey Engineers & Land Surveyors, containing the seal of Edward G. Vickrey, Georgia Registered Land Surveyor No. 2563, recorded in Plat Book 238, Pages 39-40, Cobb County, Georgia land records, as revised and re-recorded in Plat Book 266, Pages 39-40, aforesaid county land records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lots 26, 27, 28, 29, 31, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48 and 49 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit I, dated August 11, 2015, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 524-526, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

Together with:

All that tract or parcel of land lying and being in Land Lot 338 of the 20th District, Cobb County, Georgia, being designated as Lot 9 as shown on that certain Final Plat for The Summit at Lost Mountain, Unit 2, dated March 11, 2016, prepared by Gunnin Land Surveying, LLC, containing the seal of Joseph T. Baker, Georgia Registered Land Surveyor No. 2674, recorded in Plat Book 275, Pages 592-593, Cobb County, Georgia land records, reference to said plat and the record thereof being hereby made for a more complete description.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| BLOMQUIST BUILDERS GROUP INC. | : | CASE NO. 23-59198-WLH |
| Debtor. | : | |

_____

**CERTIFICATE OF SERVICE**

This is to certify that I have on this day electronically filed the foregoing "Joinder and Brief in Support of Motion to Dismiss" using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Filing program:

| | |
|---|---|
| Evan Altman<br>evan.altman@laslawgroup.com | Office of the United States Trustee<br>ustpregion21.at.ecf@usdoj.gov |
| G. Frank Nason, IV fnason@lcenlaw.com,<br>NasonFR86494@notify.bestcase.com;rstuder@lcenlaw.com | S. Gregory Hays<br>ghays@haysconsulting.net<br>saskue@haysconsulting.net<br>GA32@ecfcbis.com |
| Leslie M. Pineyro<br>lpineyro@joneswalden.com | |

This is to further certify that I have this day served the *Motion to Dismiss* by first class, United States mail, with postage prepaid fully thereon, to the following parties:

Blomquist Builders Group, Inc.
Attn: Jennifer Blomquist
3478 Rabbit Run
Acworth, GA 30101

This 9th day of February 2024.

| | |
|---|---|
| /s/ IAN M. FALCONE | THE FALCONE LAW FIRM, P.C. |
| Ian M. Falcone | 363 Lawrence Street |
| Georgia Bar No. 254470 | Marietta, GA  30060 |
| Attorney for Blake Blomquist | (770) 426-9359 |
| | imf@falconelawfirm.com |